**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0280n.06

No. 19-6271

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | May 18, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| SANDRA KINCAID, aka Sandee Kincaid, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

O R D E R

Before: COOK and THAPAR, Circuit Judges; HOOD, District Judge.[*]

Sandra Kincaid recently appealed a district court order denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We affirmed that order. Kincaid now moves to stay the mandate and for bond pending a petition for a writ of certiorari to the U.S. Supreme Court. We deny both motions.

To obtain relief, Kincaid must show that her appeal presents a substantial question. 18 U.S.C. § 3143(b)(1) (requiring detention pending appeal unless the movant can show her appeal "raises a substantial question of law or fact likely to result in . . . a reduced sentence"); Fed. R. App. P. 41(d)(1) (requiring the movant to show that her appeal raises "a substantial question" to obtain a stay pending a petition for certiorari). "[A]n appeal raises a substantial question when [it]

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

presents a 'close question or one that could go either way.'" *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985).

Kincaid argues her appeal raises a substantial question about whether the district court considered an impermissible factor when denying her compassionate-release motion. The district court reasoned that Kincaid was not entitled to compassionate release because she had served only a fraction of her sentence. At several points, the district court emphasized how Kincaid had only served about fifteen percent of her 470-month term of imprisonment. That, Kincaid believes, is where the district court erred. She thinks that the district court cannot consider the percentage of time a person has served when assessing the sentencing factors set forth in 18 U.S.C. § 3553(a).

We disagree—and we don't think Kincaid raises a close question that could go either way. Section 3553(a) required the district court to consider the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The district court thought that releasing Kincaid after she served such a short amount of time would undermine those § 3553(a) factors. Our role is not to second-guess that judgment. After all, district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives." *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009). On this record, we cannot say that the district court abused its discretion by deciding that releasing Kincaid early was inconsistent with § 3553(a).

Kincaid's claim about the district court improperly treating the percentage of time served as another § 3553(a) factor misses the mark. As the district court explained, it considered "the length of time served only as a barometer to measure whether granting defendant early release would" advance the "relevant § 3553(a) factors, which the statute directs the [c]ourt to consider 'to the extent they are applicable.'" R. 401, Pg. ID 5048. So the district court did not use the percentage of time served to make any hard-and-fast rules about when early release is appropriate. Instead, it appropriately considered whether release would serve § 3553(a)'s purposes given the minimal amount of time that Kincaid served.

Nor was the district court's focus on the amount of time served misplaced. District courts routinely weigh whether a certain amount of time is "sufficient, but not greater than necessary," to serve § 3553(a)'s purposes. That's what happens at sentencing. A district court may use that same calculus when deciding whether to grant a motion for compassionate release.

Accordingly, we **DENY** Kincaid's motions.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk